Dong v. Lynch

BIA
Hom, IJ
A088 021 371

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fifteen.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> PETER W. HALL,
> *Circuit Judges.*

_____

BIN DONG,
> *Petitioner,*

v.                                                13-2155
                                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Oleh R. Tustaniwsky, Brooklyn, NY.

FOR RESPONDENT:           Stuart F. Delery, Assistant Attorney
                          General; Ernesto H. Molina, Jr.,
                          Assistant Director; Drew C.
                          Brinkman, Trial Attorney, Office of
                          Immigration Litigation, United
                          States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bin Dong, a native and citizen of China, seeks review of a May 6, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") September 2, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Dong*, No. A088 021 371 (B.I.A. May 6, 2013), *aff'g* No. A088 021 371 (Immig. Ct. N.Y. City Sept. 2, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The only issue for our review is whether Dong has met his burden with respect to future persecution. To establish eligibility, Dong must show that he has a well-founded fear of future persecution on account of his religion. 8 U.S.C.

2

§ 1101(a)(42). To establish this fear, Dong must show that he subjectively fears persecution and that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). There must be "solid support" in the record; absent such support, a fear is "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). To sustain his burden, Dong must either show that he will be "singled out individually for persecution" or establish "a pattern or practice" of persecution of "similarly situated" people. 8 C.F.R. § 1208.13(b)(2)(C)(iii)(A).

Dong alleges that he attended an underground Christian gathering in China that was raided by police, he escaped, went into hiding, and learned from his parents that the police were looking for him. Dong states that he fears future persecution if he returns to China because of his practice of Christianity. However, Dong's testimony, alone, is insufficient to satisfy his burden because he did not suffer past harm and the agency found no solid evidence of future harm. *Jian Xing Huang*, 421 F.3d at 129. Although letters from Dong's parents and friends from China are in the record, the agency was not required to credit them

3

because they were unsworn, and the authors were not available for cross-examination. *Xiao Ji Chen v. U.S. DOJ*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to documentary evidence lies largely within agency's discretion); *In re of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Additionally, the letters do not provide sufficient detail. The letter from his parents says police continue to look for Dong, but without any description of how often or reference to any specific actions or visits. And, the letter from his fellow practitioner says names were given to police, but does not specify that Dong's name was; it also includes no detail about how often this individual is required to report to police or what reporting entails. The letter from the friend who hid Dong does not contain any information pertaining to future harm; it only states that the friend hid Dong in his apartment until Dong fled China.

The agency also reasonably determined that the country reports did not establish a pattern or practice of persecution of Christians who practice at underground

4

churches. According to the 2010 International Religious Freedom Report, in some parts of China, officials tacitly allowed underground church activities without incident, while in others, church leaders and adherents could be arrested and detained. As conditions differ throughout China, Dong would have to show how officials in his village, Fuzhou, or province, Fujian, react to underground church activities, and whether officials take action against churchgoers. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 169-72 (2d Cir. 2008) (finding no error in the BIA's evidentiary framework requiring an applicant to demonstrate that similarly situated individuals face persecution in his or her local area when enforcement varies by region). As the record lacks evidence showing how officials in Fuzhou or Fujian Province treat underground churches and their members, Dong has not shown that he will be targeted for persecution or that there exists pattern or practice of persecution of similarly situated people. 8 C.F.R. § 1208.13(b)(2)(C)(iii)(A). Thus, he has not met his burden of showing that his alleged fear is objectively reasonable. *Jian Xing Huang*, 421 F.3d at 129.

As Dong has failed to establish his eligibility for asylum it follows that he cannot satisfy the higher standard

5

for withholding of removal or CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk